# Wright v. Kansas City M. & B. R. R. Co.

*Action for Damages.*

(Decided April 4, 1907. 43 So. Rep. 480.)

*Appeal; Review; Harmless Error.*—Where it affirmatively appears of record that the cause was tried and verdict rendered for defendant upon issue joined upon the general issue the presumption is indulged that the defendant abandoned its special pleas, and errors, if any, in overruling the plaintiff's demurrers to defendant's special pleas and striking his replications thereto was harmless.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action for damages by S. J. Wright against the K. C. M. & B. R. R. Co. The facts upon which the opinion is based sufficiently appear therein. From a judgment for defendant plaintiff appeals. Affirmed.

RAY & LEITH, and J. M. SHERRER, for appellant.—Counsel discuss the pleas and replication together with the action of the court on demurrers to the same and cite numerous authorities, but as these questions are

not touched upon in the opinion of the court, it is deemed unnessary to abstract the brief.

WILLIAM B. BANKHEAD, for appellee.—The appellant is in no position to have this court review his appeal on the pleading as it affirmatively appears from the judgment entry that there was a joinder of issue on the plea of general issue.—*Cross v. Eslinger*, 133 Ala. 409. It is a fundamental principle that error must be affirmatively shown.—*Teague v. Lindsey*, 106 Ala. 266; *Burgess' Case*, 115 Ala. 462; *Douglass v. Eagan*, 36 Ala. 683. Counsel discusses other phases of the case and cites authorities thereon not necessary to be here set out.

DOWDELL, J.—The complaint contained three counts. To the complaint the defendant filed the plea of the general issue and three special pleas. The plaintiff filed demurrers to the special pleas, which said demurrers were overruled. The plaintiff then filed replications to the defendant's special pleas, some of which replications were stricken on defendant's motion, while to the others demurrers interposed by the defendant were sustained. At this stage of the pleading, the judgment entry recites that the plaintiff declined to plead further, "and issue being joined on the plea of the general issue February 20, 1906, thereupon comes a jury of good and lawful men." etc., and then follows the verdict of the jury in favor of the defendant and judgment thereon by the court. It thus affirmatively appears from the record that the case was not tried on the three special pleas of the defendant, but alone upon the plea of the general issue. The bill of exceptions does not purport to set out the evidence or its tendencies, and only states that "after hearing all the evidence in the case the jury returned a verdict in favor of the defendant, upon which verdict judgment was entered by the court."

The only errors assigned on the record relate to the rulings of the court on demurrers to the three special pleas and demurrers to and motions to strike replications to these pleas. It is plain from the foregoing

statement, if any error was committed by the court in its rulings as to the special pleas and replications, the appellant is in no position to complain, since it affirmatively appears that the case was not tried on the three special pleas of the defendant. To uphold the judgment of the court, it will be presumed that the defendant abandoned the three special pleas, and the plaintiff thereby occupied the same position as if these pleas had been ruled out on his demurrers. We find no reversible error in the record, and the judgment appealed from will be affirmed.

Affirmed.

Tyson, C. J., and Anderson and McClellan, JJ., concur.

